IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**TRACY ANN WITCRAFT**,<br><br>　　　　　　Defendant. | **Case No. 1:20-cr-00074-MC**<br>**OPINION AND ORDER** |

**MCSHANE, Judge**:

Defendant Tracy Ann Witcraft seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. ECF No. 46. Because Ms. Witcraft is not eligible for a sentence reduction under Amendment 821, Ms. Witcraft's motion is DENIED.

## BACKGROUND

On November 18, 2021, Ms. Witcraft pled guilty to Count 1 of a single-count Information for possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Revised Presentence Investigation Report ("PSR"), ECF No. 38. As relevant here, the PSR, which the Court adopted without change, states that Ms. Witcraft had one criminal

1 – OPINION AND ORDER

history point from a prior conviction. PSR ¶¶ 40–41; Statement of Reasons, ECF No. 45. The PSR did not indicate that Ms. Witcraft received any status points. PSR ¶ 41. Judge Aiken sentenced Ms. Witcraft to a sixty-month prison sentence, which Ms. Witcraft is currently serving at Alderson FPC. J. & Commitment, ECF No. 44.

## LEGAL STANDARD

Under 18 U.S.C. § 3582,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). This exception "does not authorize a resentencing[,]" but "represents a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 831, 828 (2010).

In deciding whether to reduce a sentence under § 3582(c) based on a retroactive amendment to the Sentencing Guidelines, a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *United States v. Martinez-Rodriguez*, 3:13-cr-00452-HZ-1, 2024 WL 65141, at *1 (D. Or. Jan. 5, 2024) (quoting *Dillon*, 560 U.S. at 826).

## DISCUSSION

On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Apr. 1, 2024). The amendment applies retroactively. *See* U.S.S.G. § 1B1.10(d)–(e). Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. *See Martinez-*

*Rodriguez*, 2024 WL 65141, at *2 (explaining the scope of Amendment 821). Part B of Amendment 821 concerns "zero-point offenders" and reduces the term of imprisonment for offenders who receive no criminal history points. *Id*, at *2 (citing U.S.S.G. § 4C1.1(a)).

Although Ms. Witcraft does not specify which provision of Amendment 821 applies to her sentence, she would not qualify under either Part A or Part B. Ms. Witcraft is not eligible for a reduction under on Part A because she does not have any status points from her criminal history score. Therefore, there are no status points to subtract from her criminal history score. Similarly, Ms. Witcraft's is not a zero-point offender because she received one criminal history point. She is thus ineligible for a reduction under Part B of Amendment 821.

Even if Amendment 821 applied to Ms. Witcraft, she would still not be entitled to a sentence reduction because she was sentenced to a term of imprisonment lower than her amended guideline range would provide. With a total offense level of 31 and a criminal history score of 0, Ms. Witcraft's sixty-month sentence is still below the amended guideline range of 97–121 months. U.S.S.G. ch. 5, part A. U.S.S.G. § 1B1.10(b)(2) provides that, except for defendants who received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." *United States v. Mariscal-Sanabia*, Case No. 2:19-cr-00251-GMN-NJK-6, 2024 WL 841094, at *3 (D. Nev. Feb. 27, 2024) (quoting U.S.S.G. § 1B1.10(b)(2)). Because the record does not show that Ms. Witcraft received a sentence reduction based on substantial assistance, the Sentencing Commission's policy statement precludes a reduction in her sentence. *Id*.

Because Ms. Witcraft is ineligible for a sentence reduction under Amendment 821, the Court does not proceed to the second step of evaluating whether the § 3553(a) factors justify a reduction in her sentence.

## **CONCLUSION**

Ms. Witcraft's Motion to Reduce Sentence (ECF No. 46) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of April, 2024.

/s/Michael J. McShane
Michael J. McShane
United States District Judge
